**JOHN L. BURRIS ESQ., SBN 69888**
**LATEEF GRAY, ESQ., SBN 250055**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Lateef.Gray@johnburrislaw.com

Attorneys for Plaintiff
MARCUS GARCIA

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS GARCIA,<br><br>                         Plaintiff,<br><br>        vs.<br><br>COUNTY OF SAN MATEO, a municipal corporation; SHERIFF GREG MUNKS, in his capacity as SHERIFF for the COUNTY OF SAN MATEO; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>                         Defendants. | CASE NO.:<br><br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, under California Civil Code Section § 52.1 and under the common law of California.  This action is against SHERIFF GREG MUNKS and DOES 1-50.

2.      It is also alleged that these violations and torts were committed during the course and scope of the above-mentioned officers' employment with the COUNTY OF SAN MATEO SHERIFF'S DEPARTMENT.

## JURISDICTION

3.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in Redwood City, San Mateo County, California, which is within the judicial district of this Court.  This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

## PARTIES

4.      At all times mentioned herein, Plaintiff MARCUS GARCIA ("Plaintiff") has been and is a resident of California and a United States Citizen.

5.      At all times mentioned herein, Defendant, GREG MUNKS, (hereinafter "Munks") was the Sheriff and elected official of the COUNTY OF SAN MATEO, and is sued individually and in his official capacity.  Plaintiff alleges on information and belief that Sheriff MUNKS is legally and ethically responsible for supervising and managing the jails in the COUNTY OF SAN MATEO and, in that capacity, is responsible for protecting the health and safety of both inmates and staff.  Sheriff MUNKS and his sworn staff, while acting under the color of law, have taken an oath to uphold the Constitution of the United States.

6.      At all times mentioned herein, Defendant COUNTY OF SAN MATEO ("County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Mateo County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of DOES Defendants, individually and as peace officers.

7.      Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and

believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

8.      Plaintiff is required to comply with an administrative tort claim requirement under California law.  Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.  Plaintiff filed a claim against the County of San Mateo on February 5, 2016. The claim was rejected by the County on March 29, 2016.

## FACTUAL ALLEGATIONS

9.      On August 2, 2015 at approximately 1:30 a.m., Plaintiff was processed into the San Mateo County jail. While being processed, Plaintiff asked the San Mateo Sheriff's Deputies on the scene if he could place a call to his wife, who was nine months pregnant at the time, to let her know his whereabouts. The Deputies refused to allow Plaintiff to do so. The Deputies then handcuffed and placed Plaintiff into a small holding cell.  The Deputies did not close and secure the door after leaving the cell.  Plaintiff was left in the cell with the door open for approximately twenty minutes. Needing to use the restroom, Plaintiff slowly walked over to the threshold of the cell door and asked if someone could help him.  Two yet-to-be identified Defendant San Mateo Sheriff's Deputies then ran towards Plaintiff with their hands on their batons.

10.      The yet-to-be identified Defendant Deputies entered the cell and ordered Plaintiff to sit down.  Without giving Plaintiff, who was handcuffed, adequate time to comply with the commands, one of the yet-to-be identified Defendant Deputies proceeded to pull out his handcuffs and forcefully pin Plaintiff against the wall.  Plaintiff attempted to show his hands to the yet-to-be identified Defendant Deputy to visually indicate to the Deputy that he was already handcuffed. The yet-to-be identified Defendant Deputy then raised Plaintiff's handcuffed hands above his head to expose his midsection. The accompanying yet-to-be identified Defendant Deputy then struck Plaintiff in the ribs with closed fist punches four to five times.

11.     The yet-to-be identified Deputy then struck Plaintiff again in his ribcage with a baton.

12.     Plaintiff pleaded with the Deputies to stop. Plaintiff informed the Defendant Deputies that if he were struck again he felt as though he would lose control of all his bodily functions.

13.     The Defendant Deputies ignored Plaintiff's pleas and struck him in the stomach. Subsequent to that final blow, Plaintiff lost control of all his bodily functions and urinated and defecated on himself.

14.     As a result of the incident with these yet-to-be identified Defendant San Mateo Sheriff's Deputies, Plaintiff suffered non-displaced fractures to the left fourth through sixth posterior ribs. Plaintiff also suffers from symptoms closely related to posttraumatic stress disorder (PTSD) and has attended several therapy sessions as a result.

15.     Plaintiff alleges that only unreasonable deputies would handcuff and subsequently beat a man under these circumstances and in the manner the Defendant Deputies did. Plaintiff similarly alleges that he never presented any threat to anyone that could justify the amount of force that the Defendant Deputies used.

16.     The actions and omissions of County and the Defendant San Mateo County Sheriff's Department Deputies was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of County and/or other jurisdictions. County was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

17.     The actions of Defendants' described herein were brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

**DAMAGES**

18.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983, the Fourth, Eighth and Fourteenth Amendments, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

19.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution)**
**(42 U.S.C. § 1983)**
**(Against Defendants DOES 1-25)**

20.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 of this Complaint.

21.     Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(*Monell* - 42 U.S.C. § 1983)**
**(Against Defendants County, Munks, and DOES 1-25)**

22.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint.

23.     Plaintiff is informed and believes and thereon alleges that high-ranking County officials, including high-ranking supervisors such as Munks and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about systemic, unwarranted uses of force by DOES 1-25, and/or the San Mateo Sheriff's Department.

24.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said sheriff deputies.

25.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or each of them, the San Mateo County Sheriff's Department encouraged these deputies to continue their course of misconduct and ignored these deputies' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

26.     Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of County police officers, including, but not limited to their use of excessive force.

27.     The aforementioned acts and/or omissions and/or deliberate indifference by  high ranking County officials, including high ranking County Sheriff Department supervisors DOES 26-50, Defendants DOES 1-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
**(Against Defendants DOES 1-25)**

28.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint.

29.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff's peaceable exercise and

enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

30.     As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

31.     Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

32.     Plaintiff is entitled to treble damages, but in no case less than  $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

33.     Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Negligence)**
**(Against Defendants DOES 1-50)**

34.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

35.     The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant County. As such Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

36.     Defendants negligently and without due care violently beat a handcuffed Plaintiff without legal justification. Plaintiff was seriously injured as a proximate and direct cause of the Defendants' negligent conduct.

37.     The violent and needless beating of a handcuffed man occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Battery)
### (Against Defendants DOES 1-25)

38.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 of this Complaint.

39.     Defendants intentionally beat Plaintiff without any just provocation or cause. Defendants' conduct was neither privileged nor justified under state statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (42 U.S.C. § 1983-Eighth Amendment)
### (Against Defendants DOES 1-25)

40.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 of this Complaint.

41.     Defendants jointly and severally violated Plaintiff's clearly established rights to be free from the use of unreasonable force, punishment, and punitive conditions of confinement under the Eighth and Fourteenth Amendments to the United States Constitution.

42.     Under all the circumstances presented, an objectively reasonable officer would have known that: (1) the use of force upon the Plaintiff was excessive and unnecessary; and (2) punishment and punitive conditions of confinement imposed upon the Plaintiff were not rationally related to any legitimate government objective, or, were excessive in relation to that purpose.

43.     Defendants knew of, disregarded and therefore were deliberately indifferent to Plaintiff's substantial risks of serious harm and need for medical care after Defendants mercilessly beat Plaintiff.

44.     Defendants' actions described herein were taken for the purpose to harm or punish Plaintiff rather than for any other legitimate government purpose.

45.     Defendants acted willfully, sadistically, maliciously, oppressively, and with conscious disregard to Plaintiff's rights with the purpose of causing harm to Plaintiff.

46.     Defendants' misconduct was the moving force that caused Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants DOES 1-25)

47.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 of this Complaint.

48.     Defendants' above-described conduct was extreme, unreasonable and outrageous. Defendants' mercilessly beat Plaintiff while he was handcuffed and defenseless, without legal justification.

49.     In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

50.     Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages according to proof;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 25 and/or each of them;

4.      Any and all permissible statutory damages;

5.      For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.      For cost of suit herein incurred; and

**7.**      For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated:  September 27, 2016                        _/s/ John L. Burris_
                                                 John L. Burris Esq.
                                                 Attorney for Plaintiff


Dated:  September 27, 2016                        _/s/ Lateef Gray_
                                                 Lateef Gray Esq.
                                                 Attorney for Plaintiff